UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAD GILES,

        Plaintiff,                      No. 12-15464

v.                                     District Judge Nancy G. Edmunds
                                            Magistrate Judge R. Steven Whalen

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a mortgage foreclosure case. On October 23, 2012, Plaintiff Tad Giles filed a complaint in Oakland County Circuit Court. On December 13, 2012, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") removed the case to this Court. Before the Court now is Freddie Mac's Motion for Summary Judgment [Doc. #9], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Although ordered to do so, Plaintiff has not filed a response to the motion. For the reasons discussed below, I recommend that the motion be GRANTED.

### I. FACTS

Plaintiff had an interest in real property located in Holly, Michigan, subject to a mortgage lien. He defaulted on the loan, and a Sheriff's Sale was held in January, 2012.

*Complaint* [Doc. #1], ¶ 8. The redemption period expired prior to the filing of this complaint. *Id*. ¶ 10. Plaintiff states that he attempted to negotiate a loan modification, and that since the Sheriff's Sale, "the Plaintiff and his representatives have attempted in good faith to continue with the Settlement process to no avail." *Id*. ¶¶ 7, 9.

In Count I of the complaint, Plaintiff seeks to set aside the Sheriff's Sale. He alleges that he did not receive notice prior to the sale in January, 2012, and that this "makes the foreclosure sale by advertisement wrongful and invalid." *Id*. ¶¶ 13-14. In Count II, he seeks monetary damages on a claim of intentional infliction of emotional distress ("IIED"). In Count III, Plaintiff claims a violation of M.C.L. § 600.3205c, which sets forth a procedure under which foreclosure proceedings can be stayed while a defaulting homeowner attempts to negotiate a loan modification. Plaintiff claims that Defendant failed to comply with this statute "in that the Defendant has failed to modify Plaintiff's mortgage." *Id*. ¶ 26.

In its motion, Freddie Mac proffers the following unrebutted facts.[1] On September 11, 2007, Plaintiff executed a mortgage on the Holly property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Mac-Clair Mortgage Corporation. MERS assigned the mortgage to Taylor Bean & Whitaker Mortgage Corporation on February 11, 2009. Taylor Bean & Whitaker assigned the

---

[1] The mortgage, its subsequent assignments, and the Sheriff's Deed are appended to Defendant's motion as Exhibits A through E.

–2–

mortgage back to MERS on March 23, 2010. Then, on November 11, 2011, MERS assigned the mortgage to Ocwen Loan Servicing, LLC ("Ocwen"). When Plaintiff defaulted on his mortgage obligations, Ocwen commenced foreclosure by advertisement proceedings. A Sheriff's Sale was held, and on January 3, 2012, a Sheriff's Deed was executed in favor of the purchaser, Freddie Mac. The six-month redemption period expired on July 3, 2012. The property was not redeemed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

#### A. Setting Aside the Foreclosure Sale

Plaintiff alleges that he did not receive notice of the foreclosure sale. The requirements of notice are set forth in M.C.L. § 600.3208, which provides as follows:

"Notice that the mortgage will be foreclosed by a sale of the mortgaged premises,

–4–

>or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice."

Under § 3208, it is not necessary that there be personal service or actual notice. *Cheff v. Edwards*, 203 Mich.App 557, 559–561; 513 NW2d 439 (1994).

Defendant's Exhibit F contains the affidavits of publication and posting. These affidavits claim that publication, as required by the above statute, was made on December 5, December 12, December19, and December 26, 2011. The affidavits also claim that notice was posted on the property on December 7, 2011. These affidavits are "presumptive evidence of the facts therein contained." M.C.L. § 600.3264. Plaintiff has not proffered opposing affidavits or any evidence whatsoever to rebut the statutory presumption that proper service was made under the statute or that there was any defect in the foreclosure process.

In addition, because the redemption period has expired, Plaintiff lacks standing to challenge the foreclosure and sale of the property. In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (1942)(because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were

–5–

extinguished" at the end of the foreclosure period). *Id*. at 187; M.C.L. § 600.32362; *Conlin v. MERS*, 714 F.3d 355, 359 (6th Cir. 2013)(citing *Piotrowski*).

In exception to the general rule, "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.'" *El-Seblani v. IndyMac Mortg. Services,* 2013 WL 69226, *3 (6th Cir. January 7, 2013)(citing *Schulthies v. Barron,* 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)); *Conlin* at 359. "The standards for obtaining such an extension are stringent." *Id*. In *Conlin, supra* the Sixth Circuit, citing *El-Seblani*, stated:

> "Whether the failure to make this showing [of fraud or irregularity] is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period."

The Plaintiff in this case has not pled fraud, nor has he proffered any evidence that would

---

[2]M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:

"Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter...."

support a claim of fraud. There is no basis to set aside the foreclosure sale.

Finally, the foreclosing party in this case was Ocwen, not Freddie Mac, so even if there were some defect in the foreclosure process, Plaintiff sued the wrong party.

### B. Intentional Infliction of Emotional Distress

To establish a claim of IIED a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford,* 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999); *Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. Under this standard, it is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

As discussed above, there was no misconduct with regard to the foreclosure sale, either by non-party Ocwen or by Freddie Mac, the purchaser at the Sheriff's Sale. And while the failure to reach a loan modification agreement is unfortunate, it is not outrageous. The IIED claim must be dismissed.

–7–

### C. Loan Modification

Plaintiff claims that Defendant failed to comply with M.C.L. § 600.3205c, which requires that prior to foreclosure, the party who has defaulted must be notified of his or her right to contact a housing counselor and enter into a mediation meeting to attempt to effect a loan modification. Section 3205c(8) provides that "[i]f a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure."

First, Defendant Freddie Mac was not the "mortgage holder or mortgage servicer," did not initiate foreclosure by advertisement, and therefore had no duty to Plaintiff under the statute. For this reason alone, the complaint should be dismissed.

Secondly, Ocwen, the foreclosing entity, complied with § 3205. Ocwen sent Plaintiff the required mediation notice on December 9, 2010, and published the notice on the same date. *Defendant's Exhibit G* and *E*. Plaintiff in fact participated in a mediation meeting, but failed to qualify for a modification. Plaintiff was no notified in a letter from the servicer's counsel dated July 18, 2011, memorializing the meeting on March 29, 2011, and stating, "You have failed to satisfy one or more guideline requirements established by the investor on this loan. Consequently the lender and/or servicer cannot offer you a loan modification. As a result of the fact that the loan is ineligible for

–8–

modification, this office is proceeding with foreclosure." *Defendant's Exhibit H*.

Thus, the actual foreclosing party complied with the statutory requirements regarding mediation/loan modification, and Plaintiff has not produced any evidence to show otherwise.

## IV. CONCLUSION

For the reasons, I recommend that Defendant's Motion for Summary Judgment [Doc. #9] be GRANTED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Dated: February 28, 2014       s/R. Steven Whalen
                               R. STEVEN WHALEN
                               UNITED STATES MAGISTRATE JUDGE


I hereby certify that copy of the foregoing documents were sent to parties of record on February 28, 2014, electronically and/or by U.S. mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable R. Steven Whalen